**IT IS ORDERED as set forth below:**



**Date: December 1, 2017**

_____
            **Paul Baisier**
       **U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NO. **17-57882-PMB** |
| **PORTIA REGINA SMITH,** | CHAPTER 7 |
| Debtor. | |
| **INVEST ATLANTA REGIONAL CENTER, LLC,** | |
| Plaintiff, | ADVERSARY PROCEEDING |
| v. | NO. **17-5206** |
| **PORTIA REGINA SMITH,** | |
| Defendant. | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, SUBJECT TO LIMITED RIGHT TO FILE AMENDED COMPLAINT

This matter is before the Court on the *Defendant's Response to Complaint and Motion to Dismiss* filed by Defendant-Debtor (the "Debtor") on September 5, 2017 (Docket No. 8)(the "Motion"). In the Motion, the Debtor seeks a dismissal of the Complaint filed by the Plaintiff

named above (the "Plaintiff") on August 4, 2017, and entitled *Objection to Discharge* (Docket No. 1)(the "Complaint"), arguing that Plaintiff has failed to state a claim with sufficient particularity. Plaintiff has not filed a response to the Motion. Upon review of the record, the Court will grant the Motion but permit the Plaintiff an opportunity to amend the Complaint.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable herein through Federal Rule of Bankruptcy Procedure 7012(b), a dismissal is appropriate if a complaint fails "to state a claim upon which relief can be granted." This Rule is construed with Federal Rule of Civil Procedure 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2), and Fed.R.Bankr.P. 7008. Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[1] In considering a motion to dismiss, the Court restricts its inquiry to the legal feasibility of the allegations in the complaint and whether they set forth facts as opposed to labels or mere conclusory statements. Further, under Fed.R.Civ.P. 9(b), fraud must be pled with particularity and, although malice and intent may be alleged generally, facts regarding the time, place, and content of any alleged misrepresentations must be offered. *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 883 (11th Cir. 2003); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1370-71 (11th Cir. 1997).

In the Complaint, the Plaintiff appears to assert that the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2) through (5) based on allegations that the Debtor "intentionally

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D.Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

failed to fully disclose funds and assets by making false oaths and omissions." *See* Complaint, p. 1 & pp. 5-6, ¶ 10. In addition, the Plaintiff seeks a determination that the indebtedness of the Debtor to the Plaintiff should be excepted from discharge under 11 U.S.C. §§ 523(a)(4) and/or 523(a)(6), and perhaps, 11 U.S.C. § 523(a)(2). The objection is based on the fact that the Debtor is the "Guarantor and sole owner/member of Hair She Is Salon, LLC" (the "LLC") and owes a fiduciary responsibility for assets and record keeping…." Complaint, pp. 3-4.[2]

Allegations Under 11 U.S.C. § 727(a)

With regard to the allegations under Section 727, the Plaintiff asserts that the Debtor has concealed assets by representing that the LLC was dissolved, although the Debtor has in fact "continually been in business" and reinstated the LLC ten (10) months prior to the filing of the Complaint without revealing this status to the Plaintiff. Based on the Debtor's claimed exemption in Schedule C, the Plaintiff maintains that the Debtor is denying the existence of any assets or funds related to this business except for the sum of $1,500.00. In addition, according to the Plaintiff, the Debtor has failed to explain any loss of assets to meet her obligations. The Debtor has also allegedly failed to disclose her one hundred percent (100%) ownership interest in the LLC in her bankruptcy schedules or account for the remaining balance of the loan proceeds.

*11 U.S.C. § 727(a)(2)*

Under Section 727(a)(2), the Plaintiff must prove the following by a preponderance of the evidence to support a denial of discharge: "(1) that the act complained of was engaged in within one (1) year prior to the date the petition was filed, (2) that the act was engaged in with actual

---

[2] In the Complaint, the Plaintiff alleges that the Debtor entered into a business improvement loan agreement with the Plaintiff for the sum of $46,971.76 (the "Loan"), which the Debtor admits. According to the Plaintiff, in applying for the Loan, the Debtor represented that $37,596.75 of the proceeds would be used for purchasing assets to improve the LLC. The Plaintiff contends the Debtor has defaulted on the Loan and that she has not provided financial information or accounted for her assets as requested.

intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted of transferring, removing, destroying, or concealing any of the debtor's property." *Jennings v. Maxfield*, 533 F.3d 1334, 1339 (11th Cir. 2008).[3] Because a debtor is not likely to "admit that [s]he intended to hinder, delay, or defraud h[er] creditors, the debtor's intent may be established by circumstantial evidence or inferred from the debtor's course of conduct," based on certain indicia of fraud. *Id.* This subsection is designed to preclude issuance of a discharge to debtors who conceal, transfer, or remove assets in an effort to evade having to use them to pay the claims of their creditors. *See Gebhardt v. McKeever (In re McKeever)*, 550 B.R. 623, 635 (Bankr. N.D.Ga. 2016).

The Debtor maintains that at least two (2) of the needed elements under this provision are wanting. The LLC was dissolved in May of 2015, which is beyond one (1) year prior to the filing of this case.[4] Further, there are no allegations of an intent to hinder, delay, or defraud the Plaintiff. On review, the Court finds that the Plaintiff has not alleged sufficient facts to support a denial of discharge on these grounds.

*11 U.S.C. § 727(a)(3)*

Section 727(a)(3) provides that a discharge shall not be granted if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]" 11 U.S.C. § 727(a)(3). This subsection does not require a showing of fraudulent intent. *See Protos v. Silver (In re Protos)*, 322 Fed.Appx. 930, 935 (11th

---

[3] The Plaintiff bears the burden of proof in actions under Section 727 objecting to discharge. *See* Fed.R.Bankr.P.4005.

[4] The Debtor filed this Chapter 7 case on May 1, 2017 (Main Case Docket No. 1).

4

Cir. 2009)(per curiam).  A debtor has "an affirmative duty to maintain comprehensible records from which [her] financial condition or business transactions can be ascertained with a fair degree of accuracy."  *Lioce v. Heinz (In re Heinz)*, 501 B.R. 746, 767 (Bankr. N.D.Ala. 2013), citing *Goldberg v. Lawrence (In re Lawrence)*, 227 B.R. 907 (Bankr. S.D.Fla. 1998).  The Court finds that the Plaintiff has presented conclusory statements instead of allegations of specific facts that could lead to the conclusion that the Debtor did not keep adequate records or otherwise rendered them unavailable for review by creditors.  Consequently, the Plaintiff has not alleged sufficient facts to support a denial of discharge on these grounds.

*11 U.S.C. § 727(a)(4)*

Next, although the Bankruptcy Code offers honest debtors the opportunity of a "fresh start" through the discharge of certain debts; in return, debtors must present themselves and their circumstances in a truthful and accurate manner.  To this end, Section 727(a)(4)(A) provides that "[t]he court shall grant the debtor a discharge, unless...the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account."  The purpose of this provision is to make certain sufficient facts are available to all persons asserting an interest in the administration of a bankruptcy estate without having to undertake investigations or examinations to ascertain whether the information provided is true.  Thus, "'[t]he entire thrust of an objection to discharge because of a false oath or account is to prevent knowing fraud or perjury in the bankruptcy case.'" *Fogal Legware of Switzerland, Inc. v. Wills (In re Wills)*, 243 B.R. 58, 63 (9th Cir. BAP 1999), *citing* William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 74.11 (1997).  To insure veracity, intentional omissions from a debtor's schedules are also actionable under this provision.  *See Patriot Fire Protection, Inc. v. Fuller (In re Fuller)*, 560 B.R. 881, 890-91 (Bankr. N.D.Ga. 2016).  A plaintiff objecting to discharge under this subsection bears the burden of proof

and must make out his case by a preponderance of the evidence. *See The Cadle Co. v. Taras (In re Taras)*, 2005 WL 6487202, *3 (Bankr. N.D.Ga. Aug. 19, 2005).

Two (2) elements must be established to deny a debtor's discharge under Section 727(a)(4)(A): <u>first</u>, a debtor's oath or account must have been knowingly and fraudulently made; and <u>second</u>, it must concern a material fact. *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991). Typically, omissions from a debtor's schedules constitute a false oath, and actual fraudulent intent in such a case may be inferred from the totality of the circumstances surrounding the debtor's case. *See Ingersoll v. Kriseman (In re Ingersoll)*, 124 B.R. 116, 123 (M.D.Fla. 1991). Further, reckless indifference to the truth is sufficient to prove fraudulent intent, and a cumulative effect may arise supporting an inference of such intent to deceive from a demonstrated pattern of omissions. *Taras, supra,* at * 4. Courts analyze whether the alleged omissions are part of a scheme to retain assets through nondisclosure for a debtor's benefit at the expense of creditors.[5] The Court finds that the Plaintiff has failed in the Complaint to offer sufficient allegations with respect to its claim under this subsection. Although the Plaintiff contends that the Debtor failed to disclose the true status of the LLC or account for the proceeds from the Loan, these allegations, without more, do not support the assertion that the omissions at issue were part of a fraudulent scheme to retain property to the detriment of creditors.

*11 U.S.C. § 727(a)(5)*

Finally, under Section 727(a)(5), a debtor's discharge may be denied when a debtor fails to offer a satisfactory explanation for a loss of assets. To make out a claim under Section 727(a)(5),

---

[5] The Plaintiff may also be asserting a claim under Section 727(a)(4)(B) with respect to the presentation or use of a "false claim". As the Debtor notes, however, a "claim" here has been construed to mean a "right to payment" as opposed to "assertions, representations, and statements". *See Jackson v. Jackson (In re Jackson),* 548 B.R. 353, 385 (Bankr. N.D.Ga. 2016). There are no allegations here that the Debtor scheduled non-existent or inflated debts.

6

the objecting creditor must first show a discrepancy between the property listed in the schedules and the assets shown in other financial documents, often ones in existence before the bankruptcy filing. At that point, the burden shifts to the debtor to explain what happened to the property in question and why it is not reflected in the schedules, subject to the Court's review of credibility and whether such explanation is convincing. *See Hawley v. Cement Indus., Inc. (In re Hawley)*, 51 F.3d 246 (11th Cir. 1995); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir. 1984).

It appears that the Plaintiff bases its claim under this section on the Debtor's alleged failure to provide requested financial information. The Debtor responds that the Plaintiff has made no request for financial information since this case was filed, and fails to specify what records it requested and when such requests were made.[6] Although Section 727(a)(5) concerns the comparison of prepetition records to the schedules, and is not about requests for records, the Plaintiff may be attempting to allege that the Debtor's disclosure of only a $1,500.00 interest in the LLC does not account for the full value of this interest. *See* Schedule A/B, Question No. 19 (Docket No. 3). Viewing the allegations in this light, the document requests could relate to the existence of the LLC in proximity to the bankruptcy filing. In any event, as currently pled the Plaintiff's allegations are not sufficiently detailed to state a claim under this section.

Allegations Under 11 U.S.C. § 523(a)

*11 U.S.C. § 523(a)(2)(A)*

Turning to the Plaintiff's contentions that the debt is subject to several exceptions to dischargeability, Section 523(a)(2)(A) provides that a debt is excepted from discharge when it arises in relation to the commission of "positive or actual fraud involving moral turpitude or

---

[6] The Debtor also states in the Motion that as revealed by a review of the website maintained by the Georgia Secretary of State, the LLC was dissolved two (2) years before the filing of this case. *See* Motion, p. 4.

intentional wrongdoing." *Washington v. Robinson-Vinegar (In re Robinson-Vinegar)*, 561 B.R. 562, 566 (Bankr. N.D.Ga. 2016), quoting *Bracciodieta v. Raccuglia (In re Raccuglia)*, 464 B.R. 477, 485 (Bankr. N.D.Ga. 2011).  Section 523(a)(2)(A) provides in pertinent part as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ....

11 U.S.C. § 523(a)(2)(A).  The standard of proof is a preponderance of the evidence.  *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr. N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir. 1995).  Further, "legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient." *Washington*, 561 B.R. at 566, quoting, *Raccuglia*, *supra*, 464 B.R. at 485, citing *Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr. S.D.Fla. 1992); *Burroughs v. Pashi (In re Pashi)*, 88 B.R. 456, 458 (Bankr. N.D.Ga. 1988).

To support a claim for relief under Section 523(a)(2)(A), the Plaintiff must demonstrate that the Debtor "obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result." *Washington, supra*, 561 B.R. at 566.[7]  This provision focuses on deceit or artifice rooted "'in a specific intent to mislead, trick, or

---

[7] *Blosser v. Boggus (In re Boggus)*, 479 B.R. 147, 154 (Bankr. N.D.Ga. 2012), citing *HSSM # 7 Ltd. Pshp. v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996); *Sterling Factors, Inc. v. Whelan (In re Whelan)*, 245 B.R. 698, 705-06 (N.D.Ga. 2000); *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 272 (Bankr. N.D.Ga. 2002).

cheat another person or entity,' and the intent to deceive may be shown using circumstantial evidence in relation to the totality of a situation." *Id.*; *Raccuglia*, 464 B.R. at 485.[8] Along with affirmative misrepresentations, fraud may be shown through proper evidence of "intentional silence or concealment of a material fact." *Id.*, citing *FCC Nat'l Bank v. Gilmore (In re Gilmore)*, 221 B.R. 864, 872 (Bankr. N.D.Ala. 1998); *see also Duncan v. Bucciarelli (In re Bucciarelli)*, 429 B.R. 372, 375-76 (Bankr. N.D.Ga. 2010).

A proper claim under Section 523(a)(2)(A) for false representation must contain more than an alleged representation by a debtor of an intent to perform a certain action in the future. *See Washington, supra*, 561 B.R. at 567, citing *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, 2014 WL 2986630, 2014 Bankr. LEXIS 2865, *5 (Bankr. N.D.Ga. Apr. 11, 2014), citing *Bucciarelli, supra*, 429 B.R. at 375. Instead, the Plaintiff must establish that at the time when the Debtor entered into the loan agreement at issue, the Debtor either knew that she lacked the ability to repay the Loan or that she had no intent to repay it. *See Bropson v. Thomas (In re Thomas)*, 217 B.R. 650, 653 (Bankr. M.D.Fla. 1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson)*, 193 B.R. 61, 65 (Bankr. M.D. Fla. 1996). Moreover, an inability to pay in and of itself does not support an inference that the Debtor never intended to repay the Loan. *Farmery*, 2014 Bankr. LEXIS 2865 at *5 -*6 (citation omitted).[9]

The Plaintiff alleges in Paragraph 11 of the Complaint that the Debtor "knowingly and fraudulently acquired the loan…without intention to return the funds." In support of this

---

[8] Reckless disregard for the truth or falsity of a statement can also furnish the necessary basis for a determination of nondischargeability in the appropriate circumstances. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir. 1985), *superseded on other grounds* by Pub.L.No. 98-353, 98 Stat. 333 (1984).

[9] Along with alleging facts supporting an inference of Debtor's intent, the Plaintiff would also need to allege grounds for its reliance, as "justifiable reliance is a subjective standard measured by the individual creditor's own capacity, knowledge, and information." *Love v. Barner (In re Barner)*, 2012 WL 987621, *2 (Bankr. N.D.Ga. Feb. 28, 2012); *Vann*, 67 F.3d at 283. *See also Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

contention, the Plaintiff relies on the fact that the Debtor made just four (4) payments when she suddenly stopped making payments and told the Plaintiff that the LLC had been dissolved. Although the Debtor does not dispute that the Loan has not been repaid, the Debtor argues that the Plaintiff has failed to plead sufficiently specific facts to state a claim for fraud.

In the Complaint, the Plaintiff fails to set forth the specific statements and/or actions it maintains constitute misrepresentations and deception, the facts that support its justifiable reliance thereon in making the Loan, and the way in which all of that lead to Plaintiff's economic loss. Instead of offering sufficient allegations regarding Debtor's intent to act in a fraudulent manner, the Plaintiff only offers conclusory statements that the Debtor did not intend to repay the Loan based on the fact that she did not do so.

In terms of actual fraud, the Complaint similarly fails to offer facts supporting the conclusory statement that the Debtor did not intend, or knew she lacked the ability, to repay the Loan when made. As currently pled, the Complaint simply does not present a sufficient basis to make a plausible claim under Section 523(a)(2)(A) and support the inference that the misconduct alleged, if proven, supports a finding of nondischargeability. *Cf. Farmery, supra*, 2014 Bankr. LEXIS at *2 -*3.

*11 U.S.C. § 523(a)(4)*

Next, Section 523(a)(4) excepts from discharge those obligations "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...." A fiduciary relationship under Section 523(a)(4) is a question of federal law. *Smith Elec. Co. v. Kelley (In re Kelley),* 84 B.R. 225, 229 (Bankr.M.D.Fla.1988). Here, the fiduciary relationship required to except a debt from discharge is more narrowly construed than the general fiduciary relationship and requires either an express or technical trust. *Id.; see also Quaif v. Johnson (In re Quaif),* 4 F.3d 950, 953 (11th Cir.

10

1993). The fiduciary capacity under this provision must arise in connection with a technical trust, as opposed to a constructive or resulting trust, with a definitive trust res and identified management duties and obligations, which exist apart from any wrongdoing. *In re Watford*, 374 B.R. 184, 189-91 (Bankr. M.D.N.C. 2007). In other words, the trust relationship must exist prior to the act that creates the debt at issue as opposed to being created through that act itself as a type of remedy. *See Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 816 (11th Cir. 2006).

Even if a proper fiduciary relationship is established, it must be shown that a defalcation occurred. Under this provision, defalcation requires a showing that the conduct at issue involves "bad faith, moral turpitude, or other immoral conduct" and in the absence of such, a showing of "an intentional wrong" that the fiduciary knows is improper or is sufficiently reckless in that the fiduciary "'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will violate a fiduciary duty." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74, 133 S.Ct. 1754, 185 L.Ed.2d 922 (2013) (quoting ALI, Model Penal Code § 2.02(2)(c), p. 226 (1985)).

In the Complaint, the Plaintiff appears to base its allegations of defalcation on the Debtor's failure as sole owner and guarantor of the LLC to provide financial records and an accounting of assets under the loan agreement. As noted by the Debtor, the Plaintiff does not allege that the Debtor used the Loan proceeds for purposes other than buying equipment for the LLC. The Plaintiff also failed to provide specific facts regarding what requests for information were made by the Plaintiff and what the Debtor failed to provide. Finally, the Plaintiff has not alleged the existence of a fiduciary relationship between the Debtor and the Plaintiff prior to the acts or failures challenged in the Complaint.

*11 U.S.C. § 523(a)(6)*

With regard to the Plaintiff's allegations of willful malicious injury, Section 523(a)(6) addresses injuries caused by acts, such as intentional torts, made with the intent to cause that injury, as opposed to intentional acts that lead to injury. *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir. 1995). Section 523(a)(6) applies when a debtor desires the injury resulting from his conduct and does not extend to the failure of a debtor to comply with a duty of care that results in injury. *See Washington, supra,* 561 B.R. at 568, citing *Boggus, supra,* 479 B.R. at 157, citing *Herndon v. Brock (In re Brock)*, 186 B.R. 293 (Bankr. N.D.Ga. 1995); *Myrick v. Ballard (In re Ballard)*, 186 B.R. 297, 299-301 (Bankr. N.D.Ga. 1994).

In *Henderson v. Woolley (In re Woolley)*, 288 B.R. 294, 301-02 (Bankr. S.D.Ga. 2001), the court observed that, whereas *Geiger* may be construed as narrowing the scope of this subsection to "trespassory intentional torts," the state of mind standard has been further discussed in the case law. Reviewing the decision in *Walker, supra*, for instance, the court in *Woolley* concluded that evidence of a "debtor's personal substantial certainty" in connection with an injury caused by the debtor still remains determinative under Section 523(a)(6), as compared to a purely objective or reasonable person test that could lead to the "previously rejected 'reckless disregard standard.'" 288 B.R. at 302; quoted in *Boggus*, *supra*, 479 B.R. at 157; as quoted in *Washington, supra*, 561 B.R. at 568; *accord Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598 (5th Cir. 1998) (allowing either an objective or a subjective finding to satisfy willful and malicious injury).[10]

In Paragraph 12 of the Complaint, the Plaintiff appears to allege that the Debtor is in violation of Section 523(a)(6) by "willfully and maliciously injuring the property" of the LLC.

---

[10] The Eleventh Circuit has stated that this issue is an open question in this circuit. *Kane v. Stewart Tilghman Fox & Bianchi, P.A. (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014).

12

This allegation seems to be based upon the further allegation that the Debtor either has not or cannot account for the existence of the loan proceeds. On the one hand, as stated in Section 523(a)(6), this exception addresses injuries "to the property of another entity," (here the Plaintiff) as opposed to injuring a debtor's own property (here the interest in the LLC held by the Debtor). The Plaintiff has not alleged it held an interest in the LLC. On the other hand, however, there is authority that breach of a contract, in the proper circumstances, could be the type of debt contemplated by this subsection, if the debt resulted from "an intentional or substantially certain injury." *Whitcomb v. Smith (In re Smith)*, 555 B.R. 96, 103 (Bankr. D.Mass. 2016), quoting *In re Williams*, 337 F.3d 504, 510 (5th Cir. 2003).

The imprecise assertions offered by the Plaintiff, however, show why courts cannot simply equate a breach of contract, even if the breach is intentional, with the type of conduct that meets the standard for willful and malicious injury. As correctly noted by the Debtor, the Plaintiff does not contend that the Debtor intended the injury sustained by the Plaintiff. Even if the Debtor should have known her failure to repay the loan or account for the proceeds would harm the Plaintiff, such intent would not establish the type of injury required under Section 523(a)(6). Further, the debt itself must arise from the willful and malicious conduct. When such conduct only occurs after the debt is created, it does not support a finding of nondischargeability under this exception. *See Washington, supra, 561 B.R. at 569, citing Modi v. Virani (In re Virani)*, 2016 WL 429787)(Bankr. N.D.Ga. Jan. 29. 2016). Given the relevant legal standard of Section 523(a)(6), Plaintiff's allegations do not contain sufficient facts to support a claim under this section.

## Conclusion

Assuming the veracity of the allegations made by the Plaintiff herein, the Court concludes that they do not "'plausibly give rise to an entitlement to relief.'" *See generally American Dental*,

605 F.3d at 1290, quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950.  However, it may be that the complaints made by the Plaintiff, if properly pled, might state a cause of action.  The Plaintiff should be given one (1) additional chance to do so.

Accordingly, based upon the above discussion, it is

**ORDERED** that the Motion be, and the same hereby is, **granted,** but the Plaintiff is allowed **twenty-one (21) days** from the date of entry of this Order within which to file an amended complaint that addresses the issues set forth in this Order, the Court granting such leave as justice requires in accordance with Fed.R.Civ.P. 15(a) and Fed.R.Bankr.P. 7015.   It is further

**ORDERED** that, should the Plaintiff fail to file timely such an amended complaint, this matter shall stand **dismissed**; and, it is further

**ORDERED** that, should the Plaintiff timely file an amended complaint, the Debtor shall have **twenty-one (21) days** from the filing of same to file a responsive pleading and/or a renewed motion to dismiss.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff, counsel for the Defendant-Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**